UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELLO HERNANDEZ PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1339-JDT-egb |
| | ) | |
| MELVIN BOND, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CLAIMS,
DENYING MOTION TO BE GRANTED INCOMPATIBILITY,
AND GRANTING LEAVE TO AMEND

On December 12, 2014, Plaintiff Marcello Hernandez Perez ("Perez"), who at the time of filing was an inmate at Haywood County Justice Complex ("HCJC") in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued December 15, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5) The Clerk shall record the defendants as Sheriff Melvin Bond, Captain ("Cpt.") Tonya Fisher, Lieutenant ("Lt.") Cedrick Tyus, Sergeant ("Sgt.") Sharon S. Bond, Officer Nancy Starks, Officer First Name Unknown ("FNU") Kennedy, Officer Tony Peete, Officer Ronnie Jones, Officer FNU Clark, Officer FNU Smith, Officer FNU Flagg, RN Janet Webb, FNP Don Willie, Cook 2 Mary Taylor, and Officer John Williams.

## I. THE COMPLAINT

Perez alleges that he has filed grievances about the HCJC conditions, to Defendants Melvin Bond, Fisher, Tyus, Sharon Bond, Clark, Smith, and Flagg about conditions at the HCJC, but they have not made any changes to his cell conditions. (Compl. 2, ECF No. 1.) Perez states that he feels his life is in imminent danger because he is housed with a dangerous inmate, McFarland. (*Id.*) Perez alleges that Defendant Kennedy was a witness to his cellmate's erratic behavior when he saw McFarland use a combination of sour milk and urine for washing his face, and Defendant Jones allegedly admitted that McFarland, who is known by Jones to dislike Mexicans, will knife a man. (*Id.*) Further, Perez contends that Defendants Webb, Willie, Taylor, and Williams overheard and witnessed McFarland's use of bodily waste for inappropriate use and did nothing about it. (*Id.*)

Perez asks the Court to ensure he is observed by responsible staff because his life is in imminent danger due to inmate McFarland.

## II. ANALYSIS

A. Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  § 1983 Claim

Perez filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects,

or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Twombly Standard*

The complaint contains no factual allegations against Defendants Starks and Peete. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

3. *Jail Conditions Claims*

Perez's complaint alleges that he is living under dangerous conditions due to an unstable cellmate. (Compl. 1, ECF No. 1.) These claims arise under the Eighth Amendment. The complaint does not allege that any of the Defendants are directly responsible for the conditions at the jail, but rather that the conditions themselves are unconstitutional.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the

deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298 (internal quotation marks omitted); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) ("To succeed in an Eighth Amendment challenge, [a prisoner] must establish that . . . a single, identifiable necessity of civilized human existence is being denied . . . ."). The Constitution "does not mandate comfortable prisons." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson*, 503 U.S. at 9 (internal quotation marks and citation omitted). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* at 9.

In considering the types of conditions that constitute a substantial risk of serious harm, the Court evaluates not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate the risk in its prisons. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The Supreme Court has also emphasized that prisoners can rarely establish an Eighth Amendment violation from a combination of conditions of confinement that, in themselves, do not rise to the level of a constitutional violation:

> *Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell

> temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing as amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.

*Wilson*, 501 U.S. at 304-05 (citation omitted); *see also Thompson*, 29 F.3d at 242 ("Eighth Amendment claims may not be based on the totality of the circumstances, but rather must identify a specific condition that violates" a particular right); *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287, 1294 (6th Cir. 1989) (same).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling*, 509 U.S. at 32; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995).[1] "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach

---

[1] On June 22, 2015, the Supreme Court held, in *Kingsley v. Hendrickson*, 133 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73. It is unclear whether or to what extent the holding in *Kingsley* will affect the deliberate indifference standard for other prison conditions claims, which the Sixth Circuit applies to both pre-trial detainees and convicted prisoners. *Sours v. Big Sandy Reg'l Jail Auth.*, 593 F. App'x 478, 483 (6th Cir. 2014). Absent further guidance, the Court will continue to apply the deliberate indifference analysis to these claims.

7

> comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38, 114 S. Ct. at 1979 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). The subjective component must be evaluated for each defendant individually. *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011); *see also id.* at 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.")..

In this case, the complaint contains no allegations that any individual Defendant acted with deliberate indifference to a known substantial risk to Perez's health or safety. Perez alleges that Defendants Kennedy, Jones, Webb, Willie Taylor, and Williams were aware of his cellmate's erratic behavior, but there are no facts stating that these defendants drew the conclusion from this behavior that Perez's health or safety was in danger. Nor are there any allegations that Perez has, in fact, suffered any harm due to his cellmate's behavior. He simply states that his cellmate acts irrationally and does not like Mexicans (Compl. 2, ECF No. 1.); however he does not include that his cellmate made any threats to his person or general safety.. The Supreme Court has repeatedly observed that prisons present an "ever-present potential for violent confrontation." *Whitley v. Albers*, 475 U.S. 312, 321 (1986) (quoting *Jones v. No. Car. Prisoner's Labor Union, Inc.*, 433 U.S. 119, 132 (1977)). *See also*, *Wolff v. McDonnell*, 418

8

U.S. 539, 561-62 (1974) (prisons are populated by violent offenders, causing unremitting tension among inmates and between inmates and guards). Further, Perez is no longer housed at HCJC; he sent notification to the court that he was transferred to the Bledsoe County Correction Facility in Pikeville, Tennessee. (ECF No. 5.)

      4. *Claims for Failure to Investigate Grievances*

The participation of Defendants Melvin Bond, Fisher, Tyus, Sharon Bond, Clark, Smith, and Flagg in investigating, processing, or denying Perez's grievances cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. *Simpson v. Overton*, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); *see also Martin v. Harvey*, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance. *See Shehee*, 199 F.3d at 300; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996).

Perez also has no cause of action against any Defendants for failing to investigate or take remedial measures to the extent they were aware of Perez's grievances or complaints. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In *Dyer v. Casey*, 1995 WL 712765, at 2 (6th Cir. 1995), the Court stated that "the theory underlying [*Marchese v. Lucas* (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in *Marchese* upon the Sheriff in his official capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, 1998 WL 384564 *1 (6th Cir. 1998). There are no accusations of any individual actions of any of the Defendants condoned, encouraged, or knowingly acquiesced in the complained of misconduct.

C.     Motion for Incompatiblity

On December 30, 2014, Perez filed a Motion to be Granted Incompatabilty. (ECF No. 6.) Perez seeks to be granted incompatible status against all Defendants. (*Id.*) In general, an inmate does not have a liberty interest in a particular security classification or in freedom from segregation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). With no supporting details provided in his motion other than the request itself and the allegations already discussed in the complaint itself as not meriting further action, the Court DENIES Perez's Motion to be Granted Incompability.

### III.  STANDARD FOR LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb.

22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV. CONCLUSION

The Court DISMISSES Perez's complaint as to all Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the court cannot conclude that any amendment to Perez's claims would be futile as a matter of law. Therefore, Perez is GRANTED leave to amend his complaint. Any amendment must be filed within thirty (30) days of the date of entry of this order. Perez is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint or

the first amended complaint. Perez may add additional defendants provided that the claims against the new parties arise from the acts and omissions set forth in the original or first amended complaints. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Perez fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Perez shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                               **s/James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE